Karen L. Dunn (*pro hac vice forthcoming*)
kdunn@paulweiss.com
William A. Isaacson (*pro hac vice forthcoming*)
wisaacson@paulweiss.com
Kyle N. Smith (*pro hac vice forthcoming*)
ksmith@paulweiss.com
Erica Spevack (*pro hac vice forthcoming*)
espevack@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300

Joshua Hill Jr. (SBN 250842)
jhill@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendant*
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJE GILL, ESTERPHANIE ST. JUSTE, and BENJAMIN VALDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation, and LYFT, INC., a Delaware corporation,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF REMOVAL**<br><br>Notice of Removal Filed: July 28, 2022 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, Defendant Uber Technologies, Inc. ("Uber"), by and through its counsel, hereby gives notice of the removal of this action, from the Superior Court of the State of California, San Francisco County to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based on the following facts.

## TIMELINESS OF REMOVAL

1.  Plaintiffs Taje Gill, Esterphanie St. Juste, and Benjamin Valdez (together, "Plaintiffs") filed this putative class action in the Superior Court of the State of California, San Francisco County on June 21, 2022. Ex. A ("Complaint" or "Compl."). Uber was served on July 12, 2022, Ex. F, and Uber has filed this Notice of Removal within 30 days of service of Plaintiffs' Complaint, which was the first pleading received by Uber, through service or otherwise, setting forth the claim for relief upon which this action is based.

2.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of service.

## NATURE OF THE ACTION

3.  Defendant Uber is a technology company that has a mobile application (the "Uber app") that matches independent transportation providers with individuals looking for rides.

4.  Defendant Lyft, Inc. ("Lyft") is a technology company that has a mobile application (the "Lyft app") that matches independent transportation providers with individuals looking for rides.

5.  Plaintiff Taje Gill alleges he started providing transportation services using the Uber app in August 2017 and started providing transportation services using the Lyft app in September 2017, primarily in Orange County, California. Compl. ¶ 118.

6.  Plaintiff Esterphanie St. Juste alleges she started providing transportation services using the Uber app in the Los Angeles, California area in June 2015 and started providing transportation services using the Lyft app in July 2015. *Id.* ¶ 128.

7.  Plaintiff Benjamin Valdez alleges he started providing transportation services using the Uber and Lyft apps in the Los Angeles, California area in 2015. *Id.* ¶ 138.

8. Plaintiffs allege that Uber and Lyft have "sufficient market power for their conduct to harm competition," *id.* ¶ 104, and that Uber and Lyft use that power to engage in "anticompetitive" conduct that "suppresses competition," *id.* ¶¶ 156, 162-64, 175, 181. For example, Plaintiffs allege that "Uber has engaged in aggressive efforts to foreclose competition," *id.* ¶ 114, and that Uber and Lyft impose terms on drivers that "have substantially adverse effects on competition," including because they "prevent drivers from multi-homing," which "restrains competition and restricts drivers' ability to offer better terms to riders by switching apps, resulting in lower wages for drivers and higher fares for passengers." *Id.* ¶ 116. Plaintiffs further allege that these alleged "anticompetitive effects are not offset by any procompetitive benefits." *Id.* ¶ 117; *see also id.* ¶¶ 104-17.

9. Plaintiffs purport to bring this action individually and on behalf of "[a]ll individuals domiciled in California who have driven for Lyft and/or Uber in California within the four years prior to the filing of this Complaint and who have opted out of Lyft and/or Uber's arbitration agreements." *Id.* ¶ 146.

10. Plaintiffs seek, among other things, an injunction against Uber's allegedly wrongful conduct, and monetary relief, including restitution and damages, including treble damages and punitive damages. *Id.* at Prayer for Relief ¶ b.

11. Uber and Lyft are the only defendants named in the Complaint, and each consents to this Notice of Removal.[1]

## GROUNDS FOR REMOVAL

12. Plaintiffs allege six causes of action. If any one of these causes of action turns on a substantial federal question, the action is removable. *Cnty. of Santa Clara* v. *Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1025 (N.D. Cal. 2005) ("If only one of several state claims satisfies the requirements for removal on federal-question grounds, then any other purely state claims in the same complaint may also be determined by the federal court under its supplemental jurisdiction.").

---

[1] Defendant Lyft has consented to the filing of this Notice of Removal. *See Proctor* v. *Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" for joinder requirement in filing a notice of removal).

13. Even though Plaintiffs label their causes of action as state law claims, the gravamen of their Complaint alleges unilateral conduct in abuse of alleged market power. The California antitrust law under which Plaintiffs purport to bring their claims, the Cartwright Act, does not apply to unilateral conduct. *Dimidowich* v. *Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986), *opinion modified on denial of reh'g*, 810 F.2d 1517 (9th Cir. 1987) (claims challenging "only unilateral conduct" are "not cognizable under the Cartwright Act"). Plaintiffs' claims—including their claims under California's Unfair Competition Law ("UCL")—are therefore necessarily federal in character because "[n]o California statute deals expressly with monopolization or attempted monopolization" and, as a consequence, such claims arise only under the Sherman Act. *Rosenman* v. *Facebook Inc.*, 2021 WL 3829549, at *4 (N.D. Cal. Aug. 27, 2021) (quoting *Dimidowich*, 803 F.2d at 1478). Plaintiffs' right to relief thus depends upon the resolution of substantial, disputed questions of federal antitrust law. California district courts have repeatedly upheld removal on this basis. *See, e.g.*, *id*. (denying motion to remand because "where a plaintiff's UCL unfair prong claim relies on a defendant's alleged abuse of its monopoly position, that claim requires establishing a violation of federal antitrust law"); *In re: Nat'l Football League's Sunday Ticket Antitrust Litig.* (*NFL Sunday Ticket*), 2016 WL 1192642, at *6 (C.D. Cal. Mar. 28, 2016) (denying motion to remand because a "federal issue—namely, a federal antitrust issue under Section 2 of the Sherman Act—is necessarily raised in Plaintiff's artfully pleaded Complaint," which purported to allege only claims under state law); *Nat'l Credit Reporting Ass'n, Inc.* v. *Experian Info. Solutions, Inc.*, 2004 WL 1888769, at *3 (N.D. Cal. July 21, 2004) (denying motion to remand where "gravamen of plaintiff's complaint was that each defendant had unilaterally engaged in anticompetitive conduct," requiring resolution of substantial questions of federal law because "California's antitrust laws do not address such unilateral, monopolization conduct").

14. The "artful pleading" doctrine prevents a plaintiff from "avoid[ing] federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Lippitt* v. *Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Under this doctrine, if "a plaintiff chooses to plead what 'must be regarded as a federal claim,' then 'removal is at the defendant's option.'" *Sparta Surgical Corp.* v. *Nat'l Ass'n of Sec.*

1  *Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds*.  Specifically, removal is proper if the "right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Env't Remediation, L.L.C.* v. *Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000).  Masquerading a federal claim as a state law claim does not save it from removal. *Nat'l Credit Reporting*, 2004 WL 1888769, at *2 (even where a complaint asserts only one state law cause of action, it "may still be removed under the artful pleading doctrine if it is predicated on a violation of federal antitrust laws").

15.  Here, Plaintiffs premise their claims on allegations of each of Uber's and Lyft's *unilateral* conduct, which Plaintiffs characterize as an abuse of "market power."  *E.g.*, Compl. ¶¶ 11, 39, 104-17.  California's antitrust laws do not cover unilateral conduct.  *Dimidowich*, 803 F.2d at 1478 (claims challenging "only unilateral conduct" are "not cognizable under the Cartwright Act"); *Free Freehand Corp.* v. *Adobe Sys. Inc.*, 852 F. Supp. 2d 1171, 1185-86 (N.D. Cal. 2012) (holding that the Cartwright Act does not address unilateral conduct); *Davis* v. *Pac. Bell*, 2002 WL 35451316, at *2 (N.D. Cal. Oct. 2, 2002) ("By its terms, the Cartwright Act does not apply to unilateral conduct.").

16.  Plaintiffs' Complaint here brings claims arising from alleged *unilateral* anticompetitive conduct based on allegations of dominance and/or market power.  The Ninth Circuit has explained that a "plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law." *Sparta*, 159 F.3d at 1212-13.  Thus, if the Court concludes that Plaintiff "has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *NFL Sunday Ticket*, 2016 WL 1192642, at *3 (citing *Rivet* v. *Regions Bank of La.*, 522 U.S. 470, 475 (1998)).

17.  The following is a sampling of the Plaintiffs' allegations that reflect the unilateral—and thus federal—character of their claims:

    a.  "Uber and Lyft each adopt non-price restraints that are designed to limit competition" (Compl. ¶ 5);

    b.  "Uber and Lyft have each adopted vertical restraints that constrain the

economic independence of their drivers" (Compl. ¶ 12);

c. "Uber and Lyft have the market power to implement market-wide price increases without fear that consumers or drivers would flock to a competitor" (Compl. ¶ 39);

d. Uber and Lyft operate "compensation schemes" that "can be described as 'exclusive commitment incentives' because they provide drivers with incentive payments that cannot be accessed unless they effectively commit to working exclusively for the app offering the incentives, no matter how unfavorable the terms of the rides may be" (Compl. ¶ 63);

e. "Both apps' information-sharing policies inhibit multi-homing and reduce drivers' ability to shop between apps" (Compl. ¶ 92);

f. "Several ventures have attempted to compete against Defendants in California, notably Sidecar. As a consequence of the challenged conduct as well as predatory pricing and tortious interference by the incumbents, none of those efforts has succeeded" (Compl. ¶ 103);

g. "Here, there is abundant direct evidence of market power. Uber and Lyft have both repeatedly decreased the pay provided to drivers, and increased the fare charged to passengers, without a significant impact to their respective market shares" (Compl. ¶ 106);

h. "Serial price increases for rides and reductions to driver compensation by Uber and Lyft without loss of market share establish that they each enjoy the power to price above marginal cost, and to reduce driver pay below marginal product [sic]" (Compl. ¶ 107);

i. "Similarly, the limitations on driver mobility and ability to switch from platform-to-platform because of the price and non-price vertical restraints described above are also direct evidence of market power" (Compl. ¶ 108);

j. "Uber has engaged in aggressive efforts to foreclose competition" (Compl. ¶ 114);

   k. "Defendants possess market power, as evidenced by: a. Their ability to impose disadvantageous terms on drivers . . . b. Their ability to significantly decrease the compensation paid to drivers without a significant number of drivers switching to a different app or exiting the market entirely. c. Their high market shares and overall duopolistic market structure. d. The imposition of disadvantageous contractual terms without compensation" (Compl. ¶ 115);

   l. "Defendants' non-price vertical restraints have substantially adverse effects on competition, too. By tethering drivers to a specific app, these restraints prevent drivers from multi-homing, despite Defendants' claims that there are no restrictions on drivers' ability to move between apps. This in turn restrains competition and restricts drivers' ability to offer better terms to riders by switching apps, resulting in lower wages for drivers and higher fares for passengers" (Compl. ¶ 116).

18. Plaintiffs then summarize their causes of action as turning on allegations of *unilateral* abuse of market power. *See, e.g.*, Compl. ¶ 161 (alleging "Uber and Lyft have created and carried out restrictions in trade or commerce such as the non-price vertical restraints described in this Complaint"); *id.* ¶ 175 (alleging Uber's and Lyft's "unlawful" conduct involves "suppressing competition from other rideshare companies" and "undermin[ing] drivers' ability to participate in free and independent businesses"); *id.* ¶¶ 181, 183 (alleging Uber's and Lyft's "unfair" conduct involves "suppress[ing] competition from other rideshare companies and undermin[ing] drivers' autonomy" to "cause substantial injury . . . which is not outweighed by any countervailing benefits").

### COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

19. Based on the foregoing, this Court has original jurisdiction of this action under 28 U.S.C. §§ 1331, 1441, and 1446.

20. The United States District Court for the Northern District of California is the appropriate venue for removal under 28 U.S.C. § 1441(a) because it is the federal jurisdiction

encompassing the Superior Court of the State of California, San Francisco County, where this suit was originally filed.

21. Copies of all process, pleadings, and orders from the state-court action being removed to this Court that Uber has obtained from the Superior Court of the State of California, San Francisco County, and which are in the possession of Uber are attached hereto as Exhibits A-F. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders" received by Uber in the action.

22. Pursuant to 28 U.S.C. § 1446(d), Uber will promptly file a copy of this Notice of Removal, as well as a Notice of Filing of this Notice of Removal, with the Clerk of the Superior Court of the State of California, San Francisco County, and serve a copy of the same on Plaintiffs. A copy of this filing (without exhibits) is attached as Ex. G.

23. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

24. Uber reserves the right to amend or supplement this Notice of Removal. Uber also reserves all rights, defenses, and objections available under applicable law, including without limitation its right to enforce agreements to arbitrate or any challenges to personal jurisdiction, insufficient process, and/or insufficient service of process, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

WHEREFORE, Uber respectfully gives notice that this action is hereby removed from the Superior Court of the State of California, San Francisco County to the United States District Court for the Northern District of California.

| | | |
|---|---|---|
| 1 | Dated: July 28, 2022 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |

By: */s/ Joshua Hill*
    Karen L. Dunn (*pro hac vice forthcoming*)
    kdunn@paulweiss.com
    William A. Isaacson (*pro hac vice forthcoming*)
    wisaacson@paulweiss.com
    Kyle N. Smith (*pro hac vice forthcoming*)
    ksmith@paulweiss.com
    Erica Spevack (*pro hac vice forthcoming*)
    espevack@paulweiss.com
    2001 K Street, NW
    Washington, DC 20006
    Telephone: (202) 223-7300

    Joshua Hill Jr. (SBN 250842)
    jhill@paulweiss.com
    535 Mission Street, 24th Floor
    San Francisco, CA 94105
    Telephone: (628) 432-5100

*Attorneys for Defendant*
UBER TECHNOLOGIES, INC.