Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Yaman Salahi (SBN 288752)
ysalahi@edelson.com
P. Solange Hilfinger-Pardo (SBN 320055)
shilfingerpardo@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Rachel Dempsey (SBN 310424)
rachel@towardsjustice.org
TOWARDS JUSTICE
2840 Fairfax Street, Suite 200
Denver, Colorado 80207
Tel: 720.295.8846
Fax: 303.957.2289

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| TAJE GILL, ESTERPHANIE ST. JUSTE, and BENJAMIN VALDEZ, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., a Delaware corporation, and LYFT, INC., a Delaware corporation, <br><br> *Defendants*. | Case No.: 4:22-cv-04379-JSW <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Date:** November 4, 2022 <br> **Time:** 9:00am <br> **Location**: Courtroom 5 – 2nd Floor <br><br> **Judge:** Honorable Jeffrey S. White |

1

### NOTICE OF MOTION AND STATEMENT OF REQUESTED RELIEF

2       PLEASE TAKE NOTICE THAT, on November 4, 2022, at 9:00 am in Courtroom 5, 2nd

3  Floor of the U.S. District Court for the Northern District of California, Oakland Division, at 1301

4  Clay St., Oakland, CA 94612, this Motion to Remand filed by Plaintiffs in the above-captioned

5  action will be heard.

6       Plaintiffs respectfully request that the Court remand this case to San Francisco Superior

7  Court because Defendant Uber, Inc.'s Notice of Removal fails to establish the existence of a federal

8  question imparting federal subject matter jurisdiction. Plaintiffs' Motion is based on this Notice of

9  Motion and the supporting Memorandum of Points and Authorities.

10

11 Dated: August 29, 2022                  Respectfully submitted,

12                                          **TAJE GILL**, **ESTERPHANIE ST. JUSTE**, and
                                            **BENJAMIN VALDEZ**, individually and on behalf of
13                                          all others similarly situated,

14                                          By: */s/ Yaman Salahi*
15                                                 One of Plaintiffs' Attorneys

16                                          Rafey S. Balabanian (SBN 315962)
                                            rbalabanian@edelson.com
17                                          Yaman Salahi (SBN 288752)
                                            ysalahi@edelson.com
18                                          P. Solange Hilfinger-Pardo (SBN 320055)
                                            shilfingerpardo@edelson.com
19                                          EDELSON PC
20                                          150 California Street, 18th Floor
                                            San Francisco, California 94111
21                                          Tel: 415.212.9300
                                            Fax: 415.373.9435
22
                                            Rachel Dempsey (SBN 310424)
23                                          rachel@towardsjustice.org
                                            TOWARDS JUSTICE
24                                          2840 Fairfax Street, Suite 200
                                            Denver, Colorado 80207
25                                          Tel: 720.295.8846
                                            Fax: 303.957.2289
26
27                                          *Counsel for Plaintiffs and the Proposed Class*

28

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND.................................................1

III. ARGUMENT ....................................................................................................2

    A.  No Federal Question Appears on the Face of the Complaint......................3

    B.  No Exception to the Well-Pleaded Complaint Rule Permits the Court
        to Exercise Federal Question Jurisdiction over this State Law Case .........4

        1.  The Artful Pleading Doctrine Does Not Apply ..............................4

        2.  Plaintiffs' State Law Claims Were Not Brought Under
           Federal Law ......................................................................................4

        3.  District Court Decisions that Permit Federal Question
           Jurisdiction Over State Law Antitrust Claims Are Inapplicable
           or Incorrect ......................................................................................7

IV. CONCLUSION ...............................................................................................11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**United States Supreme Court Cases**

*California v. ARC Am. Corp.*,
  490 U.S. 93 (1989) ..................................................................4, 8

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) .....................................................................3

*Gunn v. Minton*,
  568 U.S. 251 (2013) .....................................................................5

*Merrell Dow Pharms. Inc. v. Thompson*,
  478 U.S. 804 (1986) .....................................................................5

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*,
  578 U.S. 374 (2016) ..................................................................8, 9

*Pan Am. Petroleum Corp. v. Superior Ct. of Del. In & For New Castle Cty.*,
  366 U.S. 656 (1961) .....................................................................5

**United States Circuit Court of Appeals Cases**

*Balser v. Dep't of Just., Off. of U.S. Tr.*,
  327 F.3d 903 (9th Cir. 2003) .........................................................5

*City of Oakland v. BP PLC*,
  969 F.3d 895 (9th Cir. 2020) ......................................................3, 4

*Cty. of San Mateo v. Chevron Corp.*,
  32 F.4th 733 (9th Cir. 2022) ..........................................................4

*Dimidowich v. Bell & Howell*,
  803 F.2d 1473 (9th Cir. 1986) .....................................................6, 9

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ......................................................2, 10

*Hansen v. Grp. Health Coop.*,
  902 F.3d 1051 (9th Cir. 2018) .....................................................2, 4

*Lippitt v. Raymond James Fin. Servs., Inc.*,
  340 F.3d 1033 (9th Cir. 2003) ..................................................5, 6, 10

*Matheson v. Progressive Specialty Ins. Co.*,
  319 F.3d 1089 (9th Cir. 2003) ........................................................2

*Rains v. Criterion Sys., Inc.*,
    80 F.3d 339 (9th Cir. 1996) ...................................................................6

*Redwood Theatres, Inc. v. Festival Enterprises, Inc.*,
    908 F.2d 477 (9th Cir. 1990) .............................................................3, 4

**United States District Court Cases**

*Aguayo v. Wachovia*,
    No. 10-cv-01178-JSW, 2010 WL 1221810 (N.D. Cal. Mar. 24, 2010) ............................6

*Cent. Valley Med. Grp., Inc. v. Indep. Physician Assocs. Med. Grp., Inc.*,
    No. 19-CV-00404-LJO-SKO, 2019 WL 2491328 (E.D. Cal. June 14, 2019) ...................7

*City of Livingston v. Dow Chem., Co.*,
    No. 05-cv-03262-JSW, 2005 WL 2463916 (N.D. Cal. Oct. 5, 2005) .............................11

*Guthrie v. Transamerica Life Ins. Co.*,
    561 F. Supp. 3d 869 (N.D. Cal. 2021) ................................................................7

*In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*,
    No. 15-cv-09996-BRO-JEMX, 2016 WL 1192642 (C.D. Cal. Mar. 28, 2016) ..................8

*Marquez v. DSW Shoe Warehouse, Inc.*,
    No. 20-CV-07759-JSW, 2021 WL 6200337 (N.D. Cal. Mar. 12, 2021) ..........................2

*Molina Healthcare, Inc. v. Celgene Corp.*,
    No. 21-cv-05483-JCS, 2022 WL 161894 (N.D. Cal. Jan. 18, 2022) ..............................10

*Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Sols., Inc.*,
    No. 04-cv-01661 WHA, 2004 WL 1888769 (N.D. Cal. July 21, 2004) .......................3, 7

*PeopleBrowsr, Inc. v. Twitter, Inc.*,
    No. C-12-6120 EMC, 2013 WL 843032 (N.D. Cal. Mar. 6, 2013) ...............................7

*Rosenman v. Facebook Inc.*,
    No. 21-cv-02108-LHK, 2021 WL 3829549 (N.D. Cal. Aug. 27, 2021) .......................7, 8

*Schumacher v. J.R. Simplot Co.*,
    No. 6:21-CV-00489-MC, 2021 WL 3604836 (D. Or. Aug. 13, 2021) ...........................1

**California Supreme Court Cases**

*Burdell v. Grandi*,
    152 Cal. 376 (1907) ...................................................................10

*In re Cipro Cases I & II*,
    61 Cal. 4th 116 (2015) .................................................................10

**California Appellate Court Cases**

*Exxon Corp. v. Sup. Ct.*,
   51 Cal. App. 4th 1672 (1997) ....................................................................... 10

*Freeman v. San Diego Ass'n of Realtors*,
   77 Cal. App. 4th 171 (1999) ........................................................................... 9

*In re Cipro Cases I & II*,
   121 Cal. App. 4th 402 (2004) ....................................................................... 10

*Morgan v. AT&T Wireless Servs., Inc.*,
   177 Cal. App. 4th 1235 (2009) ..................................................................... 10

**Miscellaneous Authority**

15 U.S.C. § 2 ................................................................................................. 2, 5, 6

28 U.S.C. § 1441 .................................................................................................. 2

28 U.S.C. § 1447 .................................................................................................. 2

Cal. Bus. & Prof. Code §§ 16720 *et seq.* ..................................................... 1, 3

Cal. Bus. & Prof. Code § 17045 ..................................................................... 2, 3

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ......................................................... 2

Kathleen Foote & John F. Cove, Jr., *Common Law Monopolization Under California Law*,
   Cal. Anti. & Unfair Comp. L. § 6.04 ........................................................... 10

# I.  INTRODUCTION

In this action, three California-resident rideshare drivers sued two California-based ridesharing companies in California state court to obtain redress for violations of California's antitrust and other business practice statutes, including damages that they suffered while driving in California and an injunction to stop further violations of California law. Defendant Uber, with Defendant Lyft's consent, removed the case to federal court, arguing that Plaintiffs' six state-law claims contain hidden federal claims so substantial that they transform this case into one arising under federal law. They do not. When Plaintiffs said that they were bringing claims under California law, they meant it. Neither the Court nor Defendants can rewrite Plaintiffs' complaint to include federal claims that Plaintiffs do not wish to pursue. *Cf. Schumacher v. J.R. Simplot Co.*, No. 6:21-CV-00489-MC, 2021 WL 3604836, at *4 (D. Or. Aug. 13, 2021) ("When it walks like a duck and quacks like a duck, calling it a zebra does not change the fact that it's a duck."). Because this case raises no federal questions, the Court lacks subject-matter jurisdiction and is required to remand to state court.

# II.  FACTUAL AND PROCEDURAL BACKGROUND

Defendants Uber and Lyft are a duopoly that controls the app-based ride hailing industry that has largely replaced traditional taxis in California. (Complaint ¶ 1.) Plaintiffs are current and former drivers who used the companies' apps to pick up passengers and collect fares. (*Id.* ¶¶ 118-145.) They allege that Uber and Lyft forced them to enter into coercive and unfair agreements that permit Uber and Lyft to fix the prices for rides, to withhold key information from them (such as where the drivers are actually agreeing to go when they accept a ride), and to adopt non-linear payment structures and minimum acceptance rates that are designed to limit drivers' mobility between rideshare platforms and suppress competition for the drivers' services. (*Id.* ¶¶ 33-35, 78-86, 154, 161-63.) In addition, Uber and Lyft use opaque algorithms to make secret payments to drivers that commit to working for them. (*Id.* ¶¶ 72-75.)

To obtain redress for these unfair and anticompetitive practices, Plaintiffs filed a six-count complaint in the Superior Court of California, County of San Francisco. Counts one and two were brought under the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*, which is California's

antitrust statute, challenging price-fixing and other anticompetitive practices imposed through vertical agreements between Uber/Lyft and their drivers. Count three alleges a violation of the Unfair Practices Act, Cal. Bus. & Prof. Code § 17045, which prohibits secret payments to destroy competition. The final three counts allege violations of each of the three prongs of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*: unlawful conduct that violates the Cartwright Act, unfair conduct that violates the public policy of the State of California, and fraudulent conduct that deceives drivers. Plaintiffs plead no federal causes of action, and do not allege any theory of recovery under state law that turns on an alleged violation of federal law.

Defendants have removed this action to federal court on the claim that the case arises under the Sherman Act, 15 U.S.C. § 2, which is the federal antitrust statute. According to them, California's Cartwright Act does not provide a remedy for the conduct alleged in the complaint. (Dkt. 1 ¶ 13.) Based on that premise, they conclude that Plaintiffs' six state-law counts must secretly be claims under the federal Sherman Act—which they contend criminalizes their alleged conduct—and ask the Court to exercise federal question jurisdiction. Because they do not bring any claim that turns on a question of federal law, Plaintiffs now seek remand as required by 28 U.S.C. § 1447(c).

### III.  <u>ARGUMENT</u>

As the party invoking federal jurisdiction, "[t]he removing defendant bears the burden of overcoming the strong presumption against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation marks omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Marquez v. DSW Shoe Warehouse, Inc.*, No. 20-CV-07759-JSW, 2021 WL 6200337, at *1 (N.D. Cal. Mar. 12, 2021) (White, J.) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Doubts about removability should be resolved in favor of remand because of the "strong presumption against removal." *Gaus*, 980 F.2d at 566; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendants here have not met that burden. They allege federal jurisdiction solely under 28 U.S.C. § 1441(a), which provides for jurisdiction over cases arising under federal law. As a general

matter, § 1441 extends only to cases where a federal claim appears on the face of the complaint, which is not the case here. While exceptions to this rule exist, they are extremely limited, extending only to areas where federal law has occupied an entire subject area or a very small number of cases where a substantial and disputed federal question is legitimately and necessarily raised by a state law claim in a manner that requires a federal court to exercise jurisdiction. Because Defendants have not met their burden to demonstrate that this case cannot be resolved solely by reference to California law, federal subject-matter jurisdiction is lacking. Remand to state court is required.

### A.   No Federal Question Appears on the Face of the Complaint

"In general, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 479 (9th Cir. 1990); *accord City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020). "Therefore, as the 'master of the claim,' the plaintiff can generally 'avoid federal jurisdiction by exclusive reliance on state law.'" *City of Oakland*, 969 F.3d at 904 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Here, Defendants concede that "Plaintiffs label their causes of action as state law claims[.]" (Dkt. 1 at 3.) Plaintiffs labeled their causes of action as state law claims because their causes of action are state law claims. Each claim is brought under a California statute, and Plaintiffs very clearly limited those claims that may depend on violations of other statutes, such as their Unfair Competition Law claims, to violations of *state* law. (*Compare* Complaint ¶ 177 ("Defendants' conduct is unlawful because it violates California's Cartwright Act, Bus. & Profs. Code § 16720, *et seq.*, and Bus. & Prof. Code § 17045, as set forth in this complaint.") *with Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Sols., Inc.*, No. 04-cv-01661 WHA, 2004 WL 1888769, at *3 (N.D. Cal. July 21, 2004) ("Plaintiff has alleged that '[d]efendants' wrongful conduct described above (i) violate[d] state *and federal antitrust laws*' . . . . As the master of its complaint, plaintiff could have avoided any issue of federal question and, instead, could have simply borrowed state antitrust laws. But it did not.").)

In fact, federal law is mentioned exactly one time in Plaintiffs' complaint, in an allegation that describes an admission by Uber in an unrelated arbitration. (Complaint ¶ 35.) That does not

transform this into a federal case. Because there is no federal question on the face of the complaint, removal is presumptively improper, and the case should be remanded.

**B.      No Exception to the Well-Pleaded Complaint Rule Permits the Court to Exercise Federal Question Jurisdiction over this State Law Case.**

There are several exceptions to the well-pleaded complaint rule, some of which Defendants appear to raise in their removal papers. To be clear, Plaintiffs have no obligation to demonstrate to the Court that this case falls outside those exceptions. *See Hansen*, 902 F.3d at 1057. Rather, it is Defendants' burden to show that one applies. Nevertheless, for the sake of completeness, Plaintiffs explain below why neither the "artful pleading doctrine" nor the exception for state-law claims that arise under federal law permits the Court to exercise jurisdiction over this action.

**1.      The Artful Pleading Doctrine Does Not Apply.**

Defendants first attempt to rely on what they term the "artful pleading doctrine." (Dkt. 1 at 3.) However, that doctrine only applies when "a federal statute's preemptive force is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Cty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 748 (9th Cir. 2022) (internal quotation marks omitted). "The Supreme Court has recognized only three statutes for which complete preemption applies," and the Sherman Act is not one of them. *Id.* To the contrary, "federal antitrust laws do not pre-empt state law," *California v. ARC Am. Corp.*, 490 U.S. 93, 102 (1989), and antitrust claims under the Cartwright Act do not permit removal under the artful pleading doctrine. *Redwood Theatres*, 908 F.2d at 480. Accordingly, that doctrine cannot apply here.

**2.      Plaintiffs' State Law Claims Were Not Brought Under Federal Law.**

Separately from the artful pleading doctrine, there is one more "special and small category of state-law claims that arise under federal law for purposes of § 1331 because federal law is a necessary element of the claim for relief." *City of Oakland*, 969 F.3d at 904 (internal quotation marks omitted). These are cases where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *San Mateo*, 32 F.4th at 746 (quoting *Gunn v. Minton*,

568 U.S. 251, 258 (2013)). "Only a few cases have ever fallen into this narrow category." *Id.*
(internal quotation marks omitted). To meet their burden to justify the exercise of federal
jurisdiction, Defendants will need to demonstrate that this case satisfies all four of these factors.
Because this case raises no federal issue at all, it meets none of them.

The main thrust of Defendants' argument is that the Cartwright Act does not permit
recovery for the conduct Plaintiffs are alleging. According to Defendants, that means even though
Plaintiffs have expressly pleaded two claims under California's Cartwright Act and a UCL claim
premised solely on violations of the Cartwright Act, their claims are *really* secret federal Sherman
Act claims. That's nonsense. It is black-letter law that "jurisdiction may not be sustained on a
theory that the plaintiff has not advanced." *Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903,
908 (9th Cir. 2003) (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 n.6
(1986)). Federal jurisdiction depends on the legal theory that the plaintiff is actually advancing, not
the legal theory Defendants wish the plaintiffs would advance. *See Pan Am. Petroleum Corp. v.
Superior Ct. of Del. In & For New Castle Cty.*, 366 U.S. 656, 662 (1961) ("[Q]uestions of exclusive
federal jurisdiction and ouster of jurisdiction of state courts are, under existing jurisdictional
legislation, not determined by ultimate substantive issues of federal law. The answers depend on the
particular claims a suitor makes in a state court—on how he casts his action.").

Regardless of whether Defendants can imagine ways that they have violated federal law,
*see* 15 U.S.C. § 2, Plaintiffs do not even come close to necessarily relying on federal law in any
portion of their complaint. Plaintiffs plainly state that they are suing the Defendants under the
Cartwright Act and other California statutes (some of which rely on the Cartwright Act, others of
which do not). Without an actual federal claim to point to, Defendants' removal papers list a
number of allegations that they argue "reflect the unilateral—and thus federal—character of
[Plaintiffs'] claims." (Dkt. 1 ¶ 17.) In fact, Plaintiffs' antitrust claims are not premised on
"unilateral" conduct. They are premised on vertical agreements to fix prices and restrain trade
through anticompetitive practices like minimum acceptance rates and non-linear pricing structures
that are designed to limit the ability of drivers to switch between rideshare platforms, and thus
suppressing competition for their services. (Complaint ¶¶ 154-55, 160-63.)

But the Court need not get into the details of antitrust law here, because even if Plaintiffs had alleged solely unilateral conduct in their complaint, federal jurisdiction would not automatically follow. A federal court can't exercise jurisdiction just because some allegations *feel* like they could be federal in character. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043-44 (9th Cir. 2003) (holding that claims for an unfair or fraudulent business practice under California's UCL do not confer federal jurisdiction, even if the UCL's goals "comport with the broader regulatory goals" of a federal regime, and even if the plaintiff's "complaint reads somewhat like" a matter covered by a federal statute or regulation). Federal law has to be *necessarily* implicated. Accordingly, "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996); *accord Lippitt*, 340 F.3d at 1043; *see also Aguayo v. Wachovia*, No. 10-cv-01178-JSW, 2010 WL 1221810, at *3 (N.D. Cal. Mar. 24, 2010) (White, J.) (granting motion to remand because "it is not evident that [plaintiff's] claim to rescind the loan agreement is premised on [the federal] TILA, rather than under general provisions of California law"). Here, Plaintiffs have only plead a state law claim, but even if an alternate federal law theory of recovery could be read into the complaint, federal question jurisdiction would not attach because such a theory of recovery is not being advanced by Plaintiffs and is unnecessary to their claims.

If Defendants are right that Plaintiffs have no claim under the Cartwright Act, Plaintiffs' claims will not spontaneously morph into Sherman Act claims. Rather, as the Ninth Circuit has explained, Plaintiffs would simply lose on the merits under state law. *See Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986) ("Dimidowich's complaint did not allege a violation of the Sherman Act, section 2. 15 U.S.C. § 2 (1982). Since Dimidowich's monopoly arguments fail to state a cognizable claim under California law, and since California law is all he pleaded, we affirm the district court's dismissal of his monopolization and attempted monopolization claims.") (diversity jurisdiction). And if Plaintiffs lose on the merits, they can then appeal, and California courts can decide what California law means. There is also no danger that hidden federal claims will spring forth after remand, because Plaintiffs will be judicially estopped from making them. *See*

1   *Lippitt*, at 340 F.3d at 1046 (noting that judicial estoppel prevents a party from taking inconsistent

2   positions within the same litigation).

3         Defendants' argument is really one that goes to the merits of Plaintiffs' Cartwright Act

4   claims, not the existence of a federal question. That means the remand analysis should stop here.

5   There is no reason to consider whether Plaintiffs' complaint will "survive in state court a demurrer

6   or motion on the pleadings[.]" *Id.* at 1043 (declining to express an opinion on that matter). Indeed,

7   the Court has no power to do so. *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 873

8   (N.D. Cal. 2021) ("The boundaries of subject matter jurisdiction are unshakeable and unwaivable; a

9   federal court may not pass on the merits of a suit unless it has assured itself of subject matter

10  jurisdiction."). Remand of Plaintiffs' state-law claims is the only option permitted by 28 U.S.C.

11  § 1447(c).

12         **3.    District Court Decisions that Permit Federal Question Jurisdiction Over
             State Law Antitrust Claims Are Inapplicable or Incorrect.**

13

14         Nevertheless, Defendants point out that courts in this district have exercised federal question

15  jurisdiction over what appear to be antitrust-related state-law claims. These cases are all either

16  distinguishable or mistaken. Binding authority requires remand.

17         In most of the cases cited by Defendants, the plaintiffs derived their state law claims "from

18  violation of federal law" and specifically invoked it. *PeopleBrowsr, Inc. v. Twitter, Inc.*, No. C-12-

19  6120-EMC, 2013 WL 843032, at *3 (N.D. Cal. Mar. 6, 2013); *see also Nat'l Credit Reporting*

20  *Ass'n*, 2004 WL 1888769, at *4 ("The complaint alleged unlawful business practices which rested

21  on federal law."); *Rosenman v. Facebook Inc.*, No. 21-CV-02108-LHK, 2021 WL 3829549, at *5

22  (N.D. Cal. Aug. 27, 2021) ("Plaintiff does not allege in her Complaint that Facebook's conduct

23  violated California-specific constitutional, statutory, or regulatory provisions."); *Cent. Valley Med.*

24  *Grp., Inc. v. Indep. Physician Assocs. Med. Grp., Inc.*, No. 19-CV-00404-LJO-SKO, 2019 WL

25  2491328, at *3 (E.D. Cal. June 14, 2019) (denying remand without prejudice where Plaintiff alleged

26  that "Defendant's conduct . . . offends the policies of free competition and free trade and commerce

27  set forth in, inter alia, the federal Sherman Act, Clayton Act, Federal Trade Commission Act'").

28  Plaintiffs here do not do anything like that. Every one of their claims is clearly and expressly

premised solely on violations of California law. The Court can safely disregard these inapposite cases.

Defendants identify one case, *In re: Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, No. 15-cv-09996-BRO-JEMX, 2016 WL 1192642 (C.D. Cal. Mar. 28, 2016), that appears to find a federal question even where the plaintiff wasn't relying on federal law. That case ignores the basic principle that a plaintiff is permitted to decide how to advance her own case and is therefore wrongly decided. Specifically, *Sunday Ticket* assumes that because monopolistic conduct is regulated by the Sherman Act, all complaints that allege monopolistic conduct must also automatically be alleging violations of the Sherman Act. *See id.* at *4, 5. The court refused to consider whether the conduct alleged might also violate state law, instead concluding that the plaintiff couldn't state a violation of state law if the court "disregarded" any allegation that referred to or suggested conduct that would be regulated under the Sherman Act. *See id.* at *5.

However, several months after *Sunday Ticket* was decided, the Supreme Court rejected this line of reasoning in the context of securities law—another area in which there is a statute with exclusive federal jurisdiction that does not preempt state statutes on the same subject. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 391 (2016); *see also ARC Am. Corp.*, 490 U.S. at 102 ("Congress intended the federal antitrust laws to supplement, not displace, state antitrust remedies."). The Supreme Court considered and rejected a rule that would extend federal question jurisdiction to "any complaint that happens to mention a duty established by" federal law. *Merrill Lynch*, 578 U.S. at 381. Such a rule would be an unwarranted expansion of federal jurisdiction, not to mention ignore the reality that conduct that violates federal law will often *also* be unfair, unconscionable, or otherwise illegal under state law. *See id.* at 391–92 ("[I]t is hardly surprising in a suit like this one, alleging short sales in violation of *state* securities law, that a plaintiff might say the defendant previously breached a *federal* prohibition of similar conduct. . . . And it is less troubling for a state court to consider such an issue than to lose all ability to adjudicate a suit raising only state-law causes of action."). To the extent *Sunday Ticket*—or any other case— suggests that federal courts can assert jurisdiction merely because a complaint asserts a state law cause of action that could also happen to establish a violation of federal law despite the plaintiffs'

decision not to press such an argument, it is overruled by the Supreme Court's later decision in *Merrill Lynch*.

Defendants also rely on *Rosenman v. Facebook Inc.*, No. 21-cv-02108-LHK, 2021 WL 3829549 (N.D. Cal. Aug. 27, 2021). The plaintiffs there had brought a cause of action under the UCL's unfairness prong, and the court characterized it as one for abuse of monopoly position. *Id.* at *5. Based on that alone, the court held that "alleged unilateral monopolistic conduct is only actionable under Section 2 of the Sherman Act," and so therefore determined that the UCL claim "necessarily raises a federal issue." *Id.* The *Rosenman* court's reasoning relies almost entirely on *Sunday Ticket*, which, as explained above, is incompatible with the Supreme Court's later decision in *Merrill Lynch*. *See id.* at *4 (citing *Sunday Ticket* without any citation to *Merrill Lynch*). Even without *Merrill Lynch*, though, *Rosenman*'s reasoning and analysis are wrong. As noted above, Plaintiffs here do not bring a monopolization claim, nor do they premise their antitrust claims on unilateral conduct—they are challenging aspects of the vertical agreement between Uber/Lyft and their drivers. *See* Section III.B.2, *supra*.

But if the Court has doubts as to whose characterization of the claims is correct—or even if the Court believes that Defendants' characterization is right—remand would still be required because Plaintiffs could press the claim under state law. "Out of respect for state courts, [the Supreme] Court has time and again declined to construe federal jurisdictional statutes more expansively than their language, most fairly read, requires. [The Court] ha[s] reiterated the need to give due regard to the rightful independence of state governments—and more particularly, to the power of the States to provide for the determination of controversies in their courts." *Merrill Lynch*, 578 U.S. at 389 (cleaned up). Relevant here, the California Supreme Court has never directly addressed what type of conduct is considered unilateral for the purpose of the Cartwright Act, and there is disagreement among the intermediate courts. *See, e.g.*, *Freeman v. San Diego Ass'n of Realtors*, 77 Cal. App. 4th 171, 201 (1999) (expressly disagreeing with another district's analysis of whether arguably unilateral conduct was actionable under Cartwright Act); *Dimidowich*, 803 F.2d at 1478 (relying solely on intermediate appellate court decisions). One 35-year-old Ninth Circuit decision that makes an *Erie* guess as to how California law applies in a single case does not provide

a basis to automatically federalize every future action that even arguably raises a similar issue. *See* Dkt. 1 ¶ 13 (citing *Dimidowich*).

In addition, Defendants and the *Rosenman*/*Sunday Ticket* courts all fail to recognize that California common law includes a separate prohibition against unilateral acts of monopolization. *See*, *e.g.*, *In re Cipro Cases I & II*, 61 Cal. 4th 116, 163 (2015) (reversing grant of summary judgment for defendants, including on common law monopolization); *In re Cipro Cases I & II*, 121 Cal. App. 4th 402, 407 (2004) (affirming grant of class certification, including for "common law tort of monopolization"); *see also Burdell v. Grandi*, 152 Cal. 376, 383 (1907) (holding that monopolization and attempted monopolization are void as against public policy under the common law); *Exxon Corp. v. Sup. Ct.*, 51 Cal. App. 4th 1672, 1687 (1997) (discussing "business tort" of monopolization). Unilateral acts of monopolization may also be unlawful under the UCL's "unfairness" prong—again without reference to any federal law or duty—because they are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009). And again, if the Court is not certain as to whether a state law theory can support Plaintiffs' claim, then that doubt is resolved in favor of remand. *See Lippitt*, 340 F.3d at 1043; *Gaus*, 980 F.2d at 566.[1]

That is why another court in this district recently ordered the remand of a UCL unfairness claim premised on alleged monopolization, parting ways with the courts in *Rosenman* and *Sunday Ticket*. In *Molina Healthcare, Inc. v. Celgene Corp.*, No. 21-cv-05483-JCS, 2022 WL 161894, at *10 (N.D. Cal. Jan. 18, 2022), the court explained that remand was required because the plaintiff "could potentially prevail by showing that [the defendant]'s alleged monopolization or attempted monopolization" was "unfair" under the UCL. There, like here, the plaintiff had "not specifically asserted a violation of the Sherman Act as the basis for its UCL claims." *Id.* at *11. The *Molina* court acknowledged that such monopolization, if it violated the UCL, "would likely also violate the Sherman Act. But so what? A court would not inevitably need to address that question in order to

---

[1] Because some state trial and federal district courts have not recognized common law monopolization claims under California law, there are conflicting decisions among the lower courts. *See*, *e.g.*, Kathleen Foote & John F. Cove, Jr., *Common Law Monopolization Under California Law*, Cal. Anti. & Unfair Comp. L. § 6.04 (summarizing conflicting rulings among lower courts). California courts should be permitted to resolve these conflicts.

1   consider whether the conduct is 'immoral, unethical, oppressive, unscrupulous or substantially

2   injurious to consumers,' or 'whether the practice's impact on the victim outweighs the reasons,

3   justifications, and motives of the alleged wrongdoer,'" within the meaning of the UCL. *Id.* (quoting

4   *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214-15 (9th. Cir. 2020)).

5        That reasoning applies with equal force here. Plaintiffs' state law claims do not *necessarily*

6   turn on any question of federal law. Thus, Defendants cannot show "as a matter of law that

7   [Plaintiffs'] state-law claims [under the Cartwright Act and UCL] *necessarily* raise federal issues."

8   *City of Livingston v. Dow Chem., Co.*, No. 05-cv-03262-JSW, 2005 WL 2463916, at *3 (N.D. Cal.

9   Oct. 5, 2005) (White, J.) (ordering remand). The requirements for federal jurisdiction are not

10  present.

### IV.   <u>CONCLUSION</u>

12       The Court should remand this action to the Superior Court of California, County of San

13  Francisco.

Dated: August 29, 2022                    Respectfully submitted,

                                          **TAJE GILL**, **ESTERPHANIE ST. JUSTE**, and
                                          **BENJAMIN VALDEZ**, individually and on behalf of
                                          all others similarly situated,

                                          By: */s/ Yaman Salahi*
                                               One of Plaintiffs' Attorneys

                                          Rafey S. Balabanian (SBN 315962)
                                          rbalabanian@edelson.com
                                          Yaman Salahi (SBN 288752)
                                          ysalahi@edelson.com
                                          P. Solange Hilfinger-Pardo (SBN 320055)
                                          shilfingerpardo@edelson.com
                                          EDELSON PC
                                          150 California Street, 18th Floor
                                          San Francisco, California 94111
                                          Tel: 415.212.9300
                                          Fax: 415.373.9435

                                          Rachel Dempsey (SBN 310424)
                                          rachel@towardsjustice.org
                                          TOWARDS JUSTICE
                                          2840 Fairfax Street, Suite 200
                                          Denver, Colorado 80207

Tel: 720.295.8846
Fax: 303.957.2289

*Counsel for Plaintiffs and the Proposed Class*