UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJE GILL, ESTEROHANIE ST. JUSTE, and BENJAMIN VALDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and LYFT, INC.,<br><br>Defendants. | Case No. 22-cv-04379-JSW<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 23 |

Now before the Court is the motion to remand this action back to the Superior Court in the County of San Francisco. Defendants Uber and Lyft removed the case the federal court on the basis that Plaintiffs' six state-law claims necessarily required the resolution of federal claims under the Sherman Act. The Court GRANTS Plaintiffs' motion to remand.

**BACKGROUND**

In this action, three resident California rideshare drivers sued Uber and Lyft, two companies based in California, to obtain redress in California state court for violations of California's antitrust and other business practice statutes, including damages caused while driving in California and an injunction to stop further violations of California law. Defendants removed to this Court arguing that Plaintiffs' claims turn on a substantial federal question. (Notice of Removal, ¶ 12.) Defendants contend that the complaint addresses alleged unilateral conduct in

abuse of market power and the California Cartwright Act does not apply to unilateral conduct. (*See id*. at ¶ 13, citing *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986), *opinion modified on denial of reh'g*, 810 F.2d 1517 (9th Cir. 1987).)

### A. Legal Standard for a Motion to Remand.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 462 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441(a). However, federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"In general, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 479 (9th Cir. 1990); *accord City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020). As the "'master of the claim,' the plaintiff can generally 'avoid federal jurisdiction by exclusive reliance on state law.'" *City of Oakland*, 969 F.3d at 904 (quoting *Caterpillar Inc. v. Williams*, 482 U.SW. 386, 392 (1987)).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13, 27 (1983). In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against

removal jurisdiction." *Gaus*, 980 F.2d at 566. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.* "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

**B.     Requirements of Federal Question Jurisdiction Are Not Met.**

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (quoting *Franchise Tax Bd. v. Construction laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Federal question jurisdiction only lies when "a state-law claim rises or falls on the plaintiff's ability to prove the violation of a federal duty." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 383 (2016). This can happen only when "a state-law action necessarily depends on a showing that the defendant breached [a federal law]." *See id.*

In this matter, Plaintiffs sue Defendants under the Cartwright Act as well as other California statutes. There is no federal claim pled. Instead, Defendants removed this action on the condition that Plaintiffs' state law claims "reflect the unilateral – and thus federal – character of [Plaintiffs'] claims." (Dkt. No. 1, ¶ 17.) However, the Court agrees with Plaintiffs that their antitrust claims are not premised upon unilateral conduct, but rather are premised upon vertical agreements allegedly to fix prices and restrain trade through anticompetitive practices such as minimum acceptance rates and non-linear pricing structures designed to limit the drivers' ability to switch between rideshare platforms, consequently suppressing competition for the rideshare services. (*See* Complaint at ¶¶ 154-55, 160-63.)

1   Defendants' argument goes to the merits of Plaintiff's Cartwright Act claims, not the
2   existence of a federal question. Should Plaintiffs' state law claims not survive a demurrer or
3   motion on the pleadings in state court, Plaintiffs will simply lose their claims on the merits. *See,*
4   *e.g., Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 2986) ("Dimidowich's
5   complaint did not allege a violation of the Sherman Act, section 2. 15 U.S.C. § 2 (1982). Since
6   Dimidowich's monopoly arguments fail to state a cognizable claim under California law, and
7   since California law is all he pleaded, we affirm the district court's dismissal of his
8   monopolization and attempted monopolization claims.") (diversity jurisdiction). If Plaintiffs lose
9   on the merits of their California claims, they can appeal in the state court. *See, e.g., Merrill Lynch,*
10  *Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 389 (2016) ("Out of respect for state
11  courts, [the Supreme] Court has time and again declined to construe federal jurisdictional statute
12  more expansively than their language, most fairly read, requires. [The Court] ha[s] reiterated the
13  need to give due regard to the rightful independence of state governments – and more particularly,
14  to the power of the States to provide for the determination of controversies in their courts.").

The Court finds that Plaintiffs' state law claims do not necessarily turn on any necessary question of federal law. Therefore, the requirements for federal jurisdiction are not met and the Court GRANTS Plaintiffs' motion to remand to the Superior Court of the State of California, San Francisco County.

**CONCLUSION**

Accordingly, the Court GRANTS Plaintiffs' motion to remand. The Clerk shall remand this action to the Superior Court of the State of California, County of San Francisco and shall close this file.

**IT IS SO ORDERED.**

Dated: December 5, 2022

JEFFREY S. WHITE
United States District Judge

4